# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| LITTLE, JR., CHARLES DAVID | § | Case No. 14-01046 DRC |
| LITTLE, SAYLE | § | |
| | § | |
| | § | |
| Debtors | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that GINA B. KROL, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
JEFFREY P. ALLSTEADT
219 S. Dearborn Street
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 04/08/2016 in Courtroom 240,
Kane County Courthouse
100 S Third Street
Geneva, IL

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 02/22/2016            By: /s/ JEFFREY P. ALLSTEADT
                                        Clerk of US Bankruptcy Court


*GINA B. KROL*
*105 WEST MADISON STREET*
*SUITE 1100*
*CHICAGO, IL 60602-0000*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: §
§
LITTLE, JR., CHARLES DAVID § Case No. 14-01046 DRC
LITTLE, SAYLE §
§
Debtors §

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ 10,950.00 |
| and approved disbursements of | $ 321.90 |
| leaving a balance on hand of[1] | $ 10,628.10 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001A | David Little and Sayle Little 1323 East Tulip Tree Drive Frankfort, IN 46041 | $ 16,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| 000002A | D Anderson Mather 604 Burr Ridge Club Drive Burr Ridge, IL 60527 | $ 16,000.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| | Total to be paid to secured creditors | | | | $ 0.00 |
| | Remaining Balance | | | | $ 10,628.10 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ 1,845.00 | $ 0.00 | $ 1,845.00 |
| Attorney for Trustee Fees: Cohen & Krol | $ 3,154.50 | $ 0.00 | $ 3,154.50 |
| Attorney for Trustee Expenses: Cohen & Krol | $ 28.64 | $ 0.00 | $ 28.64 |
| Other: Adams Levine Surety Bond Agency | $ 6.18 | $ 6.18 | $ 0.00 |
| Other: ADAMS-LEVINE | $ 5.99 | $ 5.99 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses    $    5,028.14

Remaining Balance    $    5,599.96

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 12,354.57  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Dept of Treasury IRS Cincinnati, OH 45999-0030 | $ 11,917.06 | $ 0.00 | $ 5,401.65 |
| 000005A | Illinois Department of Revenue Bankruptcy Section P.O. Box 64338 Chicago, Illinois 60664-0338 | $ 437.51 | $ 0.00 | $ 198.31 |

Total to be paid to priority creditors    $    5,599.96

Remaining Balance    $    0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 145,334.29 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | American InfoSource LP as agent for Midland Funding LLC PO Box 268941 Oklahoma City, OK 73126-8941 | $ 38,484.24 | $ 0.00 | $ 0.00 |
| 000006 | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | $ 2,751.80 | $ 0.00 | $ 0.00 |
| 000007 | PNC BANK N.A. PNC Bank, National Association PO BOX 94982 CLEVELAND, OH 44101 | $ 5,186.67 | $ 0.00 | $ 0.00 |
| 000008 | Glass Mountain Legal Solutions, LLC 1930 Thoreau Drive, Ste. 100A Schaumburg, IL 60173 | $ 6,864.02 | $ 0.00 | $ 0.00 |
| 000009 | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | $ 11,380.09 | $ 0.00 | $ 0.00 |
| 000010 | Ally Financial serviced by Ally Servicing LLC PO Box 130424 Roseville, MN 55113-0004 | $ 5,855.80 | $ 0.00 | $ 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | American Express Centurion Bank c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | $ 2,521.53 | $ 0.00 | $ 0.00 |
| 000012 | Portfolio Recovery Associates, LLC successor to GE MONEY BANK, F.S.B. PO Box 41067 Norfolk, VA 23541 | $ 5,332.83 | $ 0.00 | $ 0.00 |
| 000004B | Dept of Treasury IRS Cincinnati, OH 45999-0030 | $ 24,883.58 | $ 0.00 | $ 0.00 |
| 000005B | Illinois Department of Revenue Bankruptcy Section P.O. Box 64338 Chicago, Illinois 60664-0338 | $ 4,073.73 | $ 0.00 | $ 0.00 |
| 000001 | David Little & Sayle Little 55 Arthur Avenue Clarendon Hills, IL 60514 | $ 6,000.00 | $ 0.00 | $ 0.00 |
| 000002 | D Anderson Mather 604 Burr Ridge Club Drive Burr Ridge, IL 60527 | $ 32,000.00 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 0.00 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

     Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

     Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/GINA B. KROL
                    Trustee

GINA B. KROL
105 WEST MADISON STREET
SUITE 1100
CHICAGO, IL 60602-0000

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.